## STOLL v. NAGLE ET AL.

CONVEYANCE—REFORMATION—EQUITY—EVIDENCE.

1. A court of equity has power to reform an instrument on account of mistake, and parol evidence is admissible for that purpose, but to authorize reformation the mistake must have been mutual, and both the mistake and its mutuality must be established by evidence that is clear and satisfactory.

2. There being a substantial and direct conflict in the evidence upon the issue of mutual mistake, it is held that, in view of the well settled rule in cases of conflicting evidence, and of the degree of proof required where reformation is sought of an instrument for mutual mistake, the judgment of the court below denying reformation of the conveyance in controversy on the ground that the mistake was not mutual ought to be affirmed.

[Decided July 11, 1906.]                    (86 Pac., 26.)

Error to the District Court, Laramie County, Hon. Richard H. Scott, Judge.

This action was brought by Walter R. Stoll against Emma J. Nagle and others to reform a deed in the matter of description, and for other purposes. From a judgment denying reformation the plaintiff prosecuted error. The facts are stated in the opinion.

*W. R. Stoll,* for plaintiff in error.

If a mere denial of the existence of the mistake by the grantor is all that is necessary to show that the mistake was not mutual, then no instrument could ever be reformed in which such denial was made. That, however, is not the law. Many instances exist in which there was an examination of the instrument on record by the grantee and, notwithstanding such examination, the mistake was not discovered and still the instrument was reformed.

The jurisdiction of a court of equity to correct a mistake in either an executory or executed contract is beyond question, and its right to do so has been repeatedly announced. While there have been some questions as to the application of the doctrine and some variations and contradictions in the decisions, it is now clearly established that parol evidence may be introduced to show mistake or fraud whereby a written document does not express the truth of the transaction; and it does not matter whether the parol evidence shows a variation limiting the scope of the document, or enlarging or extending it. It is no objection to the intro-

duction of parol evidence that the same would tend to vary or contradict the terms of a written instrument, nor is there any objection to the introduction of such evidence with relation to such agreements as are required by the statute of frauds to be in writing. The point is that courts of equity have jurisdiction to correct mistakes, no matter what the mistake may be, and to prove the existence of the mistake parol evidence is admissible. The grantee of lands in possession of the disputed portion is not required to move in the premises, even after the mistake is discovered. It is the duty of the grantor to move, and so long as the grantee remains in possession, the statute of limitations cannot run against him, but does run against the grantor. (2 Pomeroy's Eq. Juris., Secs. 838-871, 1204-5, 1207-10; 3 id., Secs. 1375-1377; 1 Story's Eq. Juris., Secs. 152-183; Gillespie v. Moon, 2 Johns. Ch., 585; Governeur v. Titus, 6 Paige Ch., 347; Mills v. Lockwood, 42 Ill., 111; Crooks v. Whiteford (Mich.), 11 N. W., 159; Dwight v. Packard (Mich.), 14 N. W., 567; Fuchs v. Treat, 41 Wis., 404; Osborn v. Ketchum (Ore.), 36 Pac., 972; Gunver v. Spaulding (Neb.), 50 N. W., 681; Dozier v. Mitchell, 65 Ala., 511; Wilcox v. Lucas, 121 Mass., 21; Payne v. Ross (Tex.), 30 S. W., 670.)

Although the mistake must be made out clearly and satisfactorily, it is only to be proved the same as any other fact, and must relate to the time the mistake was made. The case of a mutual mistake of fact between the parties may be established by proof, even though the party defendant denies the existence of the mistake; nor does the fact that either or both parties to the instrument might have ascertained the mistake before the instrument was executed vary the rule, and, generally, when the mistake of the grantor induces the mistake of the grantee, the instrument will be reformed. (Hunter v. Bilyeu, 30 Ill., 228; Paine v. Upton, 87 N. Y., 327; Sullivan v. Moorehead, 99 Cal., 157; Land, &c., Co. v. Pace (Tex.), 57 S. W., 377; Reynolds v. Haskins, 68 Vt., 426; Ezell v. Peyton, 134

Mo., 484; Henderson v. Beasley, 137 Mo., 199; Penfield v. New Rochelle, 18 App. Div. (N. Y.), 83; Thompson v. Ladd, 169 Ill., 73; Harding v. Wright, 138 Mo., 11; Bank v. Taylor, 76 N. Y. S., 790; Smelser v. Pugh (Ind.), 64 N. E., 943; Tapping v. Jennette (Neb.), 90 N. W., 911; Southern, &c., Co. v. Ozment (N. C.), 44 S. E., 681; McCormick v. Ratcliffe (Tenn.), 64 S. W., 332.)

*Gibson Clark,* for defendants in error.

The plaintiff sought to recover upon two grounds separate and distinct in legal effect from each other. The first ground, viz: that the driveway in controversy was an easement appurtenant to the premises conveyed to him, was decided in his favor, and he did not except, but assented to the findings and judgment in that respect. How can this court reverse the judgment without saying that the findings of fact, conclusions of law, and decree, to which the plaintiff assented, and the benefits of which he has enjoyed are not conclusive or binding upon him?

We submit that an appeal from a part of a decree, which, as in this case, is so connected and interwoven with parts not appealed from, and which because of the waiver could not be appealed from, should not be entertained. (2 Cyc., 589, and cases cited; Wright v. W. U. Tel. Co., 4 C. Ct., 376; Branch v. Dick, 14 O. St., 551-557; Bank v. Key, 54 Pac., 207; Bush v. Mitchell, 41 Pac., 155; Murphy v. Spaulding, 46 N. Y., 556; Genet v. Davenport, 60 N. Y., 195.) We admit that in the case of a mutual mistake in the preparation of a deed, so that it does not express the real intention of the parties, equity will, notwithstanding the mere denial in his pleading of the mistake by one of the parties, where the proof of the mistake is clearly, satisfactorily and convincingly established by evidence, so reform the deed as that it will express their clear intention. We admit also that the question is not affected by the statute of frauds and that parol evidence is admissible to establish the mistake.

It was incumbent upon the plaintiff to clearly and satis-
factorily convince the mind and conscience of the court
below before he could lawfully be entitled to the relief of
reformation prayed for, that there was a definite and clear
agreement between himself and Mrs. Nagle, clearly under-
stood, agreed upon and intended by both the plaintiff and
her, that the deed in question should convey not only the
land described in it, but also the additional strip which he
now asks to have included in the deed. It was not enough
for him to show that he intended to purchase the whole
tract, or that he supposed he was getting the whole tract
when he drew the deed; it was also incumbent upon him
to prove that Mrs. Nagle had agreed to convey the whole
tract to him and intended to convey it to him when she ex-
ecuted and delivered the deed. (Fulton v. Colwell, 112
Fed., 831; Williams v. Hamilton, 65 Am. St., 475, and
note; 15 Ency. L. (1st Ed.), 628-633; 2 Pomeroy's Eq.
Juris., Sec. 859; Fuchs v. Treat, 41 Wis., 404; Hunter v.
Billyeu, 30 Ill., 228; McCormick v. Ratcliffe, 64 S. W.,
332; Williams v. Hamilton, 64 Am. St., 475, and note.)
Such was the very question put in issue by the pleadings,
and as to that issue the evidence was conflicting; and the
rule applies that reversal is not justified in case of con-
flicting evidence, when there is evidence tending to support
the findings, unless the findings are so clearly against the
weight of the evidence, as to show that the evidence was
disregarded, or that the court was influenced by passion
or prejudice, or acted from some improper motive.
(Ketchum v. Davis, 3 Wyo., 165; Sullivan v. Moorehead,
33 Pac., 796.)

BEARD, JUSTICE.

The statements contained in the petition, so far as neces-
sary to an understanding of the questions presented for
review, are, in substance, as follows: That in 1885 one
Erasmus Nagle, being the owner of lot 7, and the east 38
feet of lot 6, block 358, in the City of Cheyenne, erected a

dwelling house on a portion of said 38 feet of lot 6, and a barn on the rear portion of said lots 6 and 7; and at the same time laid out and constructed a driveway from the front of said premises to the barn; the west line of the driveway being the east line of said house, and the east line a line of fence extending north and south about one foot east of the west line of lot 7. That the driveway was constructed for the purpose of affording access to the house with fuel and other necessaries, and to the barn; and for the use of the same by Nagle in connection with that portion of the barn located on lot 7. That, after the completion of the house, Nagle conveyed the west 32 feet of the east 38 feet of lot 6, upon which said house stands, together with all the privileges, hereditaments and appurtenances thereunto in any wise appertaining or belonging, to one Guthrie; and at the same time made to Guthrie a parol grant of a perpetual easement of that portion of the driveway lying between the east line of the premises conveyed and the said fence on lot 7. That the east line of the land so conveyed is about the center line of the driveway, and that it was the purpose and intention of Nagle to have the driveway used jointly by Guthrie and himself, he, Nagle, residing upon lot 7. That Guthrie continued to reside in said house until about November, 1891, when he conveyed said 32 feet of lot 6 to the heirs at law of said Nagle, he, Nagle, having in the meantime died. That during the time Guthrie resided in said house, he continuously used the driveway in connection with the house and barn; and that Nagle and his tenants, to whom he subsequently leased the dwelling house on lot 7, continuously used the driveway for the purposes aforesaid. That thereafter the heirs of Nagle leased both of said houses to divers tenants, who used said driveway in connection with the houses and barn until about May 16, 1894, when the defendant, Emma J. Nagle, who was then the owner of said lots, executed and delivered to plaintiff a warranty deed, intending and designing by said deed to convey to him the dwelling house and barn,

and the land lying between the west line of the east 38 feet of lot 6 and the line of fence above referred to, and including all of the driveway. That through a mutual mistake on the part of said Emma J. Nagle and on the part of the pliantiff said deed did not convey the premises intended by both the grantor and grantee; but on the contrary conveyed only the west 32 feet of the east 38 feet of lot 6, and including only about one-half of the driveway. The petition states at length the facts showing the necessity for the driveway in connection with the house on lot 6, and then alleges: "That by virtue of the premises aforesaid, at the time of the construction of the said dwelling house, the said driveway or strip of land extending from the east line of said dwelling house to the line of fence aforesaid became a strip of land to be used for the purpose of a driveway necessary for the proper use and enjoyment of the said dwelling house and the said premises hereinabove described; and thereby an easement was created in the land extending from near the center line of said driveway to the line of fence aforesaid, which became attached and appurtenant to the house, barn, and strip of land upon which the same were located, and used in connection with said dwelling house located on said lot 6; that said strip of land extending from near the center line of said driveway to the said line of fence was conveyed to the plaintiff as an appurtenance to the premises aforesaid in the deed last described; that there was a mistake in the description of the land as set down in said deed, whereby there was not conveyed to the plaintiff the land intended to be conveyed, and whereby the plaintiff was deprived of 7.75 feet of land, the title of which should have been conveyed to him in said deed, and was so intended and designed to be conveyed to and received by him; that the said defendant, Emma J. Nagle, and the said defendant, George H. Nagle, as her attorney in fact, are estopped from claiming any right whatever in and to any portion of said strip of land, extending from near the center line of said driveway to said line of fence;" that the defendants are

erecting a permanent fence in the driveway which will permanently obstruct it and deprive plaintiff of access to his house and barn. The defendants Black and Clark were employees of Mrs. Nagle. The prayer is for a reformation of the deed and for an injunction restraining defendants from obstructing the driveway, or trespassing thereon, and for general relief.

The answer of defendants denied the allegations of the petition in relation to the granting of any easement in or to that part of the driveway lying east of the land described in the deed to plaintiff, and denied that there was any mistake in the deed, or that it was the intention of Mrs. Nagle to convey any other property than that described in the deed.

The case was tried to the court and three findings of fact, and three conclusions of law made by the court, in substance as follows: (1) That the driveway in question was located, built and established in the year 1885 by Erasmus Nagle, the then owner of the premises, for the use and benefit of the owners and occupants of the two dwelling houses, one situated on the west 32 feet of the east 38 feet of lot 6, and the other on lot 7. (2) That continuously since the location and building of said driveway, the same has been used and enjoyed by said Nagle, his tenants and other persons deriving title to and occupying the premises including said two dwelling houses, in common, for the purpose of conveying fuel and other necessaries to said dwelling houses, and for convenient accesss to the barn, heretofore and until the 10th day of June, 1904, situated on the rear portion of said lots. (3) That the error in the description of the land as set forth in the deed mentioned in plaintiff's petition, and dated May 16th, 1904, whereby Emma J. Nagle conveyed to plaintiff the west 32 feet of the east 38 feet of said lot 6, was not occasioned by the mutual mistake of plaintiff and said Emma J. Nagle, nor did she intend by said deed to convey any other land or interest in land than that therein set forth and described.

To this third finding of fact plaintiff excepted upon the ground that the same is not sustained by, but is contrary to the evidence.

Conclusions of law: (1) That both the plaintiff, his heirs and assigns, and said Emma J. Nagle, her heirs and assigns, are entitled to have said driveway kept open and unobstructed and to use and enjoy the same so long as the same shall be reasonably necessary and convenient to the use and occupation of said dwelling houses or either of them. (2) That the attempted building of the fence and other acts of defendants alleged in the petition were wrongful interferences by defendants with plaintiff's right to use and enjoy said driveway, and entitled plaintiff to injunctive relief. (3) That plaintiff is not lawfully entitled to have said deed reformed so as to convey other property than that therein stated and described.

To this third conclusion of law the plaintiff excepted upon the ground that it is not sustained by the evidence and is contrary to the evidence.

A decree was entered in accordance with the above findings of fact and conclusions of law, to which the following exception was taken by plaintiff: "Now at the time of the rendering of the foregoing findings of fact, conclusions of law and decree comes the plaintiff in person and waives all exceptions and objections for error in the same, save and excepting only, that he objects and excepts to the third finding of fact upon the grounds hereinbefore stated, and also to the third conclusion of law upon the grounds hereinbefore stated, and to so much of the decree proper as denies the reformation of said deed as prayed for." Upon these exceptions, plaintiff brings the case here on error.

The only question presented by these exceptions is the sufficiency of the evidence to sustain the third finding of fact, the third conclusion of law and that part of the decree which denies a reformation of the deed.

Counsel for plaintiff in error had devoted considerable space in his brief to a discussion of the powers of a court of

equity to reform an instrument on account of mistake; and to show that parol testimony is admissible for that purpose. These propositions are not controverted and there is no doubt as to the correctness of either of them. (2 Pomeroy's Eq. Jur. (3d Ed.), Sec. 859.) The mistake, however, must have been a mutual one. There must have been a meeting of minds and a contract actually entered into, but, by reason of the mistake, the instrument as written does not express what was really intended by the parties. Both the mistake and its mutuality must be established by evidence that is clear and satisfactory. In the case of Lyman v. United Ins. Co., 17 Johns., 377, the doctrine is clearly stated by Spencer, C. J., thus: "It is not enough in cases of this kind to show the sense and intention of one of the parties to the contract; it must be shown, incontrovertibly, that the sense and intention of the other party concurred in it; in other words, it must be proved that they both understood the contract, as it is alleged it ought to have been, and as in fact it was, but for the mistake. It would be the height of injustice to alter a contract on the ground of mistake, where the mistake arises from misconception by one of the parties in consequence of his imperfect explanation of his intentions. To make a contract, it is requisite that the minds of the contracting parties agree on the act to be done; if one party agrees to a contract·under particular modifications, and the other agrees to it under different modifications, it is evident there is no contract between them. If it be clearly shown that the intention of one of the parties is mistaken and misrepresented by the written contract, that cannot avail unless it further be shown that the other party agreed to it in the same way, and that the intention of both of them was, by mistake, misrepresented by the written contract." The same doctrine is stated in Bancharel v. Patterson, 64 Minn., 454, and in Green v. Stone, 54 N. J. Eq., 387 (55 Am. St. Rep., 577), in which case many authorities are cited and reviewed. In the case at bar, the plaintiff sought relief upon two grounds: One, that the driveway in question was an ease-

ment appurtenant to the house and the part of the lot upon which it was situated, and that he, therefore, had the right to have it remain open and unobstructed; and, second, on the ground that there was a mistake in the deed, and that he was entitled, in equity, to a deed in fee simple to the entire driveway. The court found, and so decreed, that the driveway was constructed for the use and benefit of both properties and had been continuously so used by the occupants of each and that they were each entitled to have it remain open and unobstructed. No exception was taken to this finding or to that part of the decree; but, on the contrary, all objections and exceptions thereto were expressly waived by plaintiff, and he appeals from that part only of the decree which denies a reformation of the deed. The plaintiff testified that prior to the making of the deed, Mrs. Nagle pointed out to him the east line of the property she proposed to convey to him, and that she said the line was either the line of fence or a line of trees which was five or six feet east of the line of fence. He also states that in the same conversation she said, there is a deed on record and you will find that the line goes either to this line of fence or to the line of trees. He states that the deed was drawn up by him from a description procured from the Guthrie deed. He also states that Mrs. Nagle told him in his office that the driveway belonged to the Guthrie property, as it was called. There is evidence of two other witnesses who testified that, after plaintiff went into possession of the house, Mrs. Nagle stated to them that the line between the two properties was the line of fence. On the other hand, Mrs. Nagle testifies that she never had the conversations or made the statements attributed to her by plaintiff or said witnesses, and that she did not know what the Guthrie propery included, and she denied having at any time pointed out to plaintiff the boundaries of the property. She further states that it was never her intention to convey any other property to plaintiff than that included in the Guthrie deed. There was also some evidence of acts and declarations of plaintiff after he

went into possession tending to corroborate the testimony of Mrs. Nagle. We have stated this much of the substance of the testimony for the purpose of showing the direct conflict therein upon the issue of mutual mistake. Under the well settled rule that where there is such conflict, this court will not reverse the judgment of the lower court unless it is clearly against the weight of the evidence; and bearing in mind the degree of proof required in cases of this kind; and in view of the allegations of the petition, and the findings of the trial court, to which no exceptions were taken, we are of the opinion that the judgment of the District Court should be affirmed. Counsel for defendants in error has urged that this proceeding in error should be dismissed for the reason that it is an attempt by plaintiff in error to appeal from that part only of the decree which is against him, while accepting that part which is in his favor; but as the conclusions we have reached dispose of the case, that point will not be considered.                    *Affirmed.*

POTTER, C. J., and CRAIG, District Judge, concur.

SCOTT, J., having announced his disqualification to sit in this case, HON. DAVID H. CRAIG, Judge of the Third District, was called to sit in his stead.