Vardaman R. THOMPSON, Appellant (Employee–Claimant),

v.

STATE of Wyoming, ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector),

Greyhound Bus Lines, (Employer–Defendant).

No. 88–248.

Supreme Court of Wyoming.

Feb. 2, 1989.

Robert T. Moxley of Whitehead, Gage & Davidson, P.C., Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Ron Arnold, Asst. Atty. Gen., and Josephine T. Porter, Sr. Asst. Atty. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

In this worker's compensation case, appellant Vardaman R. Thompson appeals the district court's order granting additional permanent partial disability.

We reverse and remand.

Appellant presents the following issue:

IS IT AN ERROR OF LAW OR AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO REJECT THE PARTIES' STIPULATION AS TO THE CLAIMANT'S DEGREE OF VOCATIONAL DISABILITY, REVERSING ITS PRIOR ORDER APPROVING THE STIPULATION, UNDER THE THEORY THAT THE CLAIMANT HAS THE BURDEN TO ESTABLISH EVERY ELEMENT OF HIS CLAIM, AND THAT THE TRIER OF FACT MUST BE SHOWN EVIDENCE TO DETERMINE CLAIMANT'S LOSS?

Appellant injured his right knee on November 4, 1981, during the course of his employment with Greyhound Bus Lines. On October 4, 1982, appellant's doctor rat-

ed his resulting permanent disability at ten percent, and appellant was given a ten percent permanent partial disability award that was calculated from the schedule for leg injuries above the knee. The disability rating was increased by ten percent in July 1986, at which time appellant was advised by his doctor that he could not continue in his present occupation. On October 9, 1986, appellant applied for additional benefits on the basis of the second rating. He also sought a vocational disability over and above his entitlement to awards for physical impairment. An objection to appellant's application for additional benefits and a vocational disability was filed by appellee Wyoming Workers' Compensation Division on October 24, 1986.

On March 5, 1987, the court entered an order which provided:

THIS MATTER having come before the Court pursuant to the February 24, 1987 Stipulation of the parties, the Court having reviewed the same, finding it appropriate, and being further advised in the premises; therefore,

IT IS ORDERED that the Employee–Claimant be and is hereby awarded an additional permanent partial disability of 10% of his right leg above the knee, in the amount of Three Thousand Seven Hundred and One Dollars and Eleven Cents ($3,701.11), to be paid out in the amount of One Thousand One Hundred and Eighty Eight Dollars and No Cents ($1,188.00), per month until exhausted;

IT IS FURTHER ORDERED that the Employee–Claimant is in no way prevented by this Order from pursuing those additional benefits relating to his alleged vocational disability resulting from his original injury, as have been or are now claimed by the Employee–Claimant.

On May 20, 1987, appellant and appellee filed an instrument entitled "STIPULATED FACTS FOR CROSS MOTIONS FOR SUMMARY JUDGMENT," wherein it was stipulated in pertinent part that

the Employee–Claimant has an additional vocational disability in the amount of 35% of his right leg above his knee, resulting from his additional 10% increase

of physical incapacity due solely to the original injury[.]

On that same date, the court filed an "ORDER APPROVING STIPULATION" which provided:

THIS MATTER having come before this Court pursuant to stipulation entered by the parties on May 20, 1987, the Court having reviewed the same, finding it fair, appropriate and *a lawful agreement directed towards the ultimate resolution of the factual and legal questions raised in this contested proceeding;* therefore,

IT IS ORDERED that the parties shall file Cross Motions for Summary Judgment and supporting legal memorandum with this Court on or before June 12, 1987, presenting their respective legal positions, argument and authority concerning the following legal question, the resolution of which will determine the final judgment in this matter:

"Is an employee who suffers an injury to his leg resulting in a physical impairment rating being assigned by his treating physician, yet who does not lose his leg or any portion thereof, entitled as a matter of law to disability compensation for whatever vocational disability may also be shown to be attributable to the leg injury?"

Should this question be resolved in favor of the Employee–Claimant, the Court shall approve the vocational disability award deemed appropriate and stipulated to by the parties. Should this question be resolved in favor of the Objector–Defendant, the Court shall disapprove any additional vocational disability award.

(Emphasis added.) Appellant and appellee filed their respective motions for summary judgment supported by their briefs addressing the legal issue of whether or not the court had legal authority to award compensation for a vocational disability.

In a decision letter dated March 3, 1988, the court stated:

In sum, I do not find that the claimant is entitled as a matter of law to an additional award for vocational disability un-

der the terms of W.S. 27–12–403(h).[1] Such determination requires the claimant to bear his burden of proof in an evidentiary hearing, which burden is not borne by the simple assertions of the claimant's treating physician nor by the terms of the parties' stipulation.

Appellant and appellee agreed, with the approval of the court, that the use of the deposition testimony of appellant, his wife, and his doctor would serve the function of an evidentiary hearing.[2]

On June 30, 1988, the court filed its order entitled "ORDER FOR COMPENSATION FOR VOCATIONAL DISABILITY" wherein it made the finding that "there is evidentiary basis to support an award of an additional 10% permanent partial disability as a specific vocational rehabilitation component of [appellant's] ongoing permanent partial disability under W.S. 27–12–403(h)." [3] It is from that order that this appeal is taken.

The sum and substance of the court's decision letter is that appellant is not entitled to an award for a vocational disability as a matter of law and that he must bear the burden of proof to such entitlement at an evidentiary hearing. This proposition is an oxymoron. If an employee is not entitled to a vocational disability as a matter of law, no set of facts will confer jurisdiction on the court to make such an award.

■ Appellee does not disagree with appellant's thesis that it is either an error of law or an abuse of discretion for a court to ignore the stipulated percentage of the vocational disability. Instead, appellee contends the stipulation was binding on the court only for the purpose of the court ruling on the cross motions for summary judgment. Appellee reasons that this assertion is well grounded in that the order approving the stipulation provided:

Should this question be resolved in favor of the Employee–Claimant, the Court shall approve the vocational disability award deemed appropriate and stipulated to by the parties.

We do not conclude from this provision that the court intended to limit the stipulation for use in deciding the summary judgment motions. To the contrary, the May 20, 1987, order of the court clearly stated:

THIS MATTER having come before this Court pursuant to stipulation entered by the parties on May 20, 1987, the Court having reviewed the same, *finding it fair, appropriate and a lawful agreement directed towards the ultimate resolution of the factual and legal questions raised in this contested proceeding* * * *[.]

(Emphasis added.) The court ultimately resolved the legal question in favor of appellant and found that ten percent was an appropriate vocational disability rather than the court-approved stipulated amount of thirty-five percent.

This Court has followed the general rule that stipulations are binding upon trial courts in the absence of any valid ground or reason for refusing enforcement. 73 Am.Jur.2d, *Stipulations* § 8 (1974). In *Bard Ranch, Inc. v. Weber,* 538 P.2d 24 (Wyo.1975), this Court reversed the district court's determination regarding ownership of an irrigation ditch which was contrary to the stipulation of the parties and declared the decision to be "in error." *Id.* at 31. Also, in the case of *Stringer v. Miller,* 80 Wyo. 389, 343 P.2d 508, *reh'g denied* and *opinion modified* 80 Wyo. 389, 345 P.2d 786 (1959), the district court admitted a 1949 will to probate contrary to a stipulation that a 1952 instrument was the actual will. This Court stated:

*[T]he lower court was in error* in admitting the 1949 will to probate as the last will and testament of the deceased. *The court was not privileged to ignore the stipulation of the parties* which established the 1952 instrument as the valid

---

1. Repealed and recreated as Wyo.Stat. § 27–14–405(b)(xvi) (1977) effective May 22, 1987.

2. Although an order was not entered granting or denying either of the motions for summary

judgment, it was apparently understood that both of them were denied.

3. See *supra* note 1.

last will and testament of the testator as of the date of its execution.

*Id.,* 343 P.2d at 512 (emphasis added).  In *Lea v. D & S Casing Service, Inc.,* 707 P.2d 754 (Wyo.1985), this Court also followed the general rule that claims for compensable injuries under worker's compensation statutes may be compromised and settled as in other cases.  82 Am.Jur.2d, *Workmen's Compensation* § 459 (1976).

Accordingly, we hold that the district court was in error for failing to honor the court-approved stipulated award of thirty-five percent upon ultimately determining that appellant was entitled to an award for vocational disability as a matter of law.

■ Appellee also contends that appellant waived his right to object to the court's error by requesting an evidentiary hearing and that such action "could be interpreted to be a mutual consent to modification of prior stipulated facts."  In addition to failing to cite any cogent authority for its assertions, appellee has failed to recognize that appellant could not appeal from the denial of his motion for summary judgment.  *St. Paul Fire and Marine Insurance Co. v. Albany County School District No. 1,* 763 P.2d 1255 (Wyo.1988); *Kimbley v. City of Green River,* 663 P.2d 871 (Wyo.1983).  Appellant had no choice but to proceed with his claim until a final order was entered.  It was not until then that he had an appealable issue.

Reversed and remanded with the direction to the trial court to award appellant the thirty-five percent vocational disability pursuant to the court-approved stipulation.