**Ralph Leonard APPELT, Appellant (Plaintiff),**

v.

**Sally Sue APPELT, Appellee (Defendant).**

No. 88–129.

Supreme Court of Wyoming.

Feb. 17, 1989.

John W. Davis, Davis, Donnell, Worrall & Bancroft, P.C., Worland, for appellant.

H. Richard Hopkinson, Gorrell & Hopkinson, Worland, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

THOMAS, Justice.

In this appeal, we address the question of whether a trial court can enter a divorce decree that encompasses a property settlement contrary to the agreement of the parties without a hearing duly noticed. We conclude that the decree is void insofar as it changed the agreement of the parties. Consequently, we reverse the order of the district court even though it declined to find the appellant in contempt of court because the same order required him to pay the disputed property settlement.

In the husband's brief as appellant, the following issues are stated:

"1. WHETHER OR NOT THE INSERTION IN THE DECREE OF A PROVISION REQUIRING A PAYMENT OF $4,500.00, WHEN SUCH PROVISION WAS NOT IN THE STIPULATION ENTERED INTO BY THE PARTIES, REPRESENTS A VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW.

"2. WHETHER OR NOT THE DISTRICT COURT ERRED WHEN IT HELD THAT THE STIPULATION OF JULY 31, 1986 CONTAINED A 'SCRIVENER'S ERROR' WHICH WAS CORRECTED IN THE DECREE OF DIVORCE DATED AUGUST 25, 1986.

"3. WHETHER OR NOT THE DISTRICT COURT ERRED WHEN IT RULED THAT THE ATTORNEY FOR DEFENDANT COULD TESTIFY ON BEHALF OF DEFENDANT, AND COULD ALSO CONTINUE TO REPRESENT DEFENDANT.

"4. WHETHER OR NOT THE DISTRICT COURT ERRED WHEN IT OFFERED INTO EVIDENCE, ON ITS OWN MOTION, AND ACCEPTED A LETTER OSTENSIBLY FROM JULIA BRADSBY."

The wife, as appellee, states the issues in this way:

"1. WHETHER OR NOT THE PLAINTIFF/APPELLANT HAS TIMELY FILED AN APPEAL WHEN HE FAILS TO CHALLENGE VALIDITY OF PROVISIONS OF THE DECREE OF DIVORCE UNTIL HIS THIRD APPEARANCE IN COURT CONSIDERING THE PROVISIONS OF THE DECREE.

"2. WHETHER OR NOT THE INSERTION IN THE DECREE OF A PROVISION REQUIRING PAYMENT OF $4,500.00 WHEN SUCH PROVISION WAS AGREED TO BY THE PARTIES BUT WAS INADVERTENTLY LEFT OUT OF THE STIPULATION ENTERED INTO BY THE PARTIES, AND SUCH ENTRY INTO THE DECREE WAS AGREED TO BY COUNSEL FOR THE APPELLANT REPRESENTS A VIOLATION OF APPELLANT'S DUE PROCESS OF LAW.

"3. WHETHER OR NOT THE DISTRICT COURT ERRED WHEN IT HELD THAT THE STIPULATION OF JULY 31, 1986 CONTAINED A 'SCRIVENER'S ERROR,' WHICH WAS CORRECTED IN THE DECREE OF DIVORCE DATED AUGUST 25, 1986.

"4. WHETHER OR NOT THE DISTRICT COURT ERRED WHEN IT RULED THAT THE DEFENDANT'S COUNSEL COULD TESTIFY WHEN CALLED BY THE PLAINTIFF AND

COULD CONTINUE TO REPRESENT DEFENDANT WHEN THE PLAINTIFF FAILED TO OBJECT TO THE ATTORNEY FOR THE DEFENDANT TESTIFYING.

"5. WHETHER OR NOT THE DISTRICT COURT ERRED WHEN IT OFFERED INTO EVIDENCE, ON ITS OWN MOTION, AND ACCEPTED A LETTER FROM JULIA BRADSBY.

"6. WHETHER OR NOT THERE IS REASONABLE CAUSE FOR PLAINTIFF'S APPEAL AS REQUIRED BY W.R.A.P. 10.05."

In its inception, this was a simple divorce case. The parties are of modest means and, in the course of the proceeding, they agreed to divide their property and memorialized that agreement in a document entitled Stipulation and Agreement. The executed Stipulation and Agreement made no mention of a $9,000 lump sum retirement benefit attributable to a prior employment of the husband. It is clear from evidence presented at the hearing on the order to show cause that the parties had reached an agreement to divide the $9,000 fund equally, but it was inadvertently omitted from the Stipulation and Agreement. Initially, the parties' attorneys proposed that an addendum to the Stipulation and Agreement should be prepared. When that was done, the husband refused to sign or agree to the addendum. At that juncture, this matter could have been resolved easily and directly.

What occurred, however, is that the wife's attorney then drafted the final decree of divorce which included, in paragraph 15, a provision that the husband should pay to the wife $4,500. The wife's attorney did not seek approval of the form of decree by the husband's attorney, but simply presented the decree to the district judge for signature. The decree was signed in this form and entered by the district court on August 25, 1986.

The matter was not pursued further until the wife, on March 31, 1988, caused the district court to issue an Order to Show Cause to the husband, directing him to appear and show cause why he should not be held in contempt of court for failure to pay the sum of $4,500 to the wife as required by the decree. The district court conducted a hearing and received testimony from the husband, the wife, and the wife's attorney. The husband defended, contending that the requirement to pay $4,500 was not a part of the Stipulation and Agreement by which the parties had settled their property rights and, for that reason, it should not have been incorporated in the divorce decree. The district court then found that the Stipulation and Agreement was the subject of a scrivener's error; it did not find the husband in contempt; but it did order that he pay the wife the $4,500 in forty-five days. The essence of the court's determination was that the decree should be enforced as entered.

■ The evidence in this record is insufficient to sustain the finding of the district court that there was a scrivener's error. In *Pfister v. Brown*, 498 P.2d 1243 (Wyo. 1972), we discussed the concept of a "scrivener's error." Quoting from *Stoll v. Nagle*, 15 Wyo. 86, 86 P. 26, 28 (1906), we there reiterated the limitations which apply to the right of reformation on account of mistake.

" 'The mistake, however, must have been a mutual one. There must have been a meeting of minds and a contract actually entered into, but, by reason of the mistake, the instrument as written does not express what was really intended by the parties. Both the mistake and its mutuality must be established by evidence that is clear and satisfactory.' " *Pfister v. Brown*, 498 P.2d at 1245.

What is evident from the proceedings in this case is that, although the parties may have once agreed in the course of their discussions that the wife should receive $4,500 out of the lump sum retirement benefit, by the time the written contract was presented the husband was not willing to continue in his agreement for the inclusion of that provision. It was not proper to present to the district court a decree which counsel knew was disputed by the husband. Instead, the proper course of action would have been to present the issue to the dis-

trict court at a hearing conducted for that purpose. The court is not bound by a stipulation of the parties in dividing marital property but, instead, its duties are set forth in § 20-2-114, W.S.1977, which requires it to divide that property in a just and equitable way. *David v. David*, 724 P.2d 1141 (Wyo.1986). It would have been an easy matter for counsel to have had the dispute resolved in a proper manner.

In *David*, we held that the district court can, in the exercise of its discretion, properly impose a lien on property of one spouse to secure a debt owed to the other spouse. This can be accomplished as an adjunct to a divorce settlement whether or not supplementary to terms of any settlement agreement mutually executed by the parties. In reaching that decision, we emphasized that the imposition of the lien did not in any way change the status of the parties' separate property. That is not true in this case, which we hold to be controlled by our decision in *Rinehart v. Rinehart*, 52 Wyo. 363, 75 P.2d 390 (1938). In the *David* case, we were able to distinguish the *Rinehart* case primarily because the status of the parties' property was not changed. In *Rinehart*, the parties had entered into an agreement pursuant to which the wife received certain property and cash as well as $60 a month in alimony. The court awarded her $100 a month in alimony in the decree which was entered. We held that the husband could challenge that award at a late date because he was justified in his assumption that the stipulation of the parties would control. The case was reversed and remanded to the district court for disposition to be made after giving notice to the husband and affording him an opportunity to be heard.

■ In this case, the husband properly could assume that the Stipulation and Agreement entered into by the parties would control, and that, if the agreement was to be subject to change by the court in the entry of its decree, or if it were to be challenged by the other party, that would be done only after notice and an opportunity to be heard. While the facts before us suggest quite strongly that the district court would, upon proper application, divide this $9,000 fund equitably between the husband and wife, we neither can condone the actions of the wife's attorney, which resulted in this legal quagmire, nor can we permit the court to adjust the disposition of the parties' property without affording a hearing. We hold that paragraph 15 of the decree, which awarded the wife $4,500, is void, and the case is reversed and remanded to the district court for further proceedings consistent with this opinion.

In the course of its hearing in this matter, the court did accept as evidence, over the husband's objection, a letter apparently sent to the judge by the husband's current wife. That letter tended to suggest the husband knew of the inclusion of this provision in the decree all along, suggesting his acquiescence by inaction. Furthermore, as noted, the district court did receive testimony from the former wife's attorney who appeared as a witness in this case. Because of our disposition, it is not necessary to address either of these questions of admissibility of evidence because, in our view, neither the letter nor the testimony of the former wife's attorney would have any relevance to the question of equitable distribution of the $9,000 fund.

The wife did raise as an issue whether there was reasonable cause for this appeal, and she sought a certification in accordance with Rule 10.05, W.R.A.P. The appellant has prevailed in this appeal, and we obviously cannot grant this request. We do note, however, that the wife's legal problems in this matter largely were the result of poor judgment on the part of her counsel, and we question whether he should accept or demand any compensation from his client relating to the expense of resolving the issue.

The order of the district court is reversed and remanded.

MACY, Justice, dissenting.

I dissent. This matter should be remanded for hearing to determine whether or not the parties agreed that the wife would receive $4,500 of the husband's retirement benefits. The court is bound by the stipulations of the parties in the absence of any

valid ground or reason for refusing enforcement. *Thompson v. State ex rel. Wyoming Workers' Compensation Division,* 768 P.2d 600 (Wyo.1989); *Bard Ranch, Inc. v. Weber,* 538 P.2d 24 (Wyo.1975); *Stringer v. Miller,* 80 Wyo. 389, 343 P.2d 508, *reh'g denied* and *opinion modified* 345 P.2d 786 (1959). Neither Wyo.Stat. § 20–2–114 (1977) nor *David v. David,* 724 P.2d 1141 (Wyo.1986), carved out an exception to this general rule nor are they germane to the issues on appeal in this case.